|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

| | |
|---|---|
| AMERICAN WASTE MANAGEMENT AND RECYCLING, LLC, | |
| Plaintiff, | Civil No. 07-1658 (JAF) |
| v. | |
| CEMEX PUERTO RICO, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff American Waste Management and Recycling, LLC, brings the present action against Defendants CEMEX Puerto Rico, Canopy Ecoterra, and XYZ Insurance Companies, alleging state claims for breach of contract and tortious interference with contract. Docket Document No. 1.

On October 5, 2007, we issued an order directing Plaintiff to remove certain containers and equipment from CEMEX' premises during the period October 10-12, 2007. Docket Document No. 60. On October 19, 2007, claiming that Defendants had not complied with our order of October 5, Plaintiff moved for further relief. Docket Document No. 68. Plaintiff requested an order (1) permitting Plaintiff to remove certain scrap metals from CEMEX' site; (2) directing CEMEX to return motors missing from the site; (3) permitting Plaintiff to set up a web camera monitoring system; and (4) ordering Ecoterra to pay all demurrage charges on the

Civil No. 07-1658 (JAF)                                                -2-

containers remaining at CEMEX' site. Id.  On November 7, 2007, we granted Plaintiff's motion for relief, and stated that failure to comply by Ecoterra or CEMEX would result in severe sanctions, including striking of pleadings and entry of default. Docket Document No. 83.

On December 4, 2007, Plaintiff filed the present urgent motion, requesting us to enforce compliance with our order of October 5, 2007. Docket Document No. 96. Plaintiff requested us to rule by December 7, 2007, because on December 10, 2007, the last of the vessels required to transport Plaintiff's scrap materials is scheduled to sail from Puerto Rico. Id. Plaintiff claims that it has suffered substantial losses due to the continued delay. Id.

On December 6, 2007, CEMEX requested that we permit them the full ten-day period permitted by Local Rule 7(b) to respond to Plaintiff's motion. Docket Document No. 100. CEMEX also made several preliminary arguments on the merits of Plaintiff's motion. Id. CEMEX argued that (1) our order of November 7, 2007, did not have any deadline attached, so we cannot now grant an urgent motion; (2) Plaintiff has not provided evidence to substantiate the claimed urgency; and (3) Plaintiff must obtain certain legally-required permits before it can remove waste from CEMEX' premises.

CEMEX' first two arguments can be easily disposed of.  It was clear from our orders of October 5 and November 7, 2007, that Defendants were to comply immediately. See Docket Document Nos. 60,

Civil No. 07-1658 (JAF)                                                        -3-

83. The continued lack of cooperation from both Defendants is unacceptable, and may result in future sanctions.

Turning to CEMEX' third argument, CEMEX has indicated that it believes Plaintiff must obtain certain permits from the Puerto Rico Environmental Quality Board before removing materials from the site. Docket Document Nos. 91, 100. Specifically, CEMEX claims that Plaintiff must obtain a permit for the transportation of non-hazardous waste, and a permit for conducting activities that generate non-hazardous waste. Docket Document 91 (citing "Reglamento para el Manejo de los Desperdicios Sólidos No Peligrosos" Rules 643-44). However, Plaintiff indicates that it has obtained the permit for transporting non-hazardous waste, and notes that because it is not generating non-hazardous waste, the second permit is not required. Docket Document No. 96. This argument is supported by a letter from the executive director of the Environmental Quality Board indicating that in order to move the materials, Plaintiff need only have a permit for the transportation of waste, and not a permit for the generation of waste. Docket Document No. 99-2. We, therefore, agree with Plaintiff that CEMEX has not demonstrated that the second permit is necessary.

In accordance with the foregoing, we **GRANT IN PART** Plaintiff's emergency motion, Docket Document No. 96. We order CEMEX to immediately: (1) permit AWMR to remove the containers currently at the CEMEX premises; (2) return to AWMR the motors mentioned and shown

Civil No. 07-1658 (JAF)                                                    -4-

in exhibits B and C at <u>Docket Document No. 68</u>; and (3) permit AWMR to set up the web camera monitoring system described in <u>Docket Document No. 48</u>.  As ordered in <u>Docket Document No. 83</u>, Ecoterra must pay demurrage charges on containers at the CEMEX site from October 13 to November 13, 2007.  We **DENY IN PART** Plaintiff's motion insofar as Plaintiff requests us to order CEMEX to pay demurrage charges or sanctions.  Such costs will be considered as extraordinary costs to the prevailing party.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of December, 2007.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge